UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

STARROLYN POTTINGER a/k/a
STARROLYN SYLVAS,

    Plaintiff,

  v.

ACCREDITED HOME LENDERS, INC.,
a California corporation,

    Defendant.

No. 2:09-cv-00215-MCE-GGH

MEMORANDUM AND ORDER

Presently before the Court is Defendant Accredited Home Lenders, Inc.'s unopposed Motion to Dismiss Plaintiff's Complaint. For the following reasons, Defendant's Motion is granted with leave to amend.[1]

///

///

///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

1

**BACKGROUND**

The extent of Plaintiff's factual allegations are as follows. On November 10, 2006, Plaintiff executed mortgages and notes with Defendant. Defendant allegedly failed to explain statutory requirements to Plaintiff or to provide various disclosures and estimates as required by law. Additionally, according to Plaintiff, Defendant engaged in predatory lending by failing to consider Plaintiff's ability to repay the underlying loan. Ultimately, Defendant foreclosed on the subject property.

Plaintiff filed this action in Solano County Superior Court on or about December 11, 2008, and Defendant subsequently removed to this Court on January 20, 2009. Through her Complaint, Plaintiff contends Defendant violated various sections of the California Business and Professions Code, the California Civil Code, and the California Financial Code, breached its fiduciary duty to her, violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. 2601 et seq., and engaged in acts constituting fraud and conspiracy. Plaintiff seeks damages, rescission and to enjoin "post-foreclosure attempts at dislocation."

///
///
///
///
///
///

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Bell Atl. Corp. v. Twombly, --- U.S. ----, 127 S. Ct. 1955, 1964-65 (2007) (internal citations and quotations omitted). Factual allegations must be enough to raise a right to relief above the speculative level. Id. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ("The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

///
///
///
///
///

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. A court should "freely give[]" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment...." Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962). Generally, leave to amend is denied only when it is clear the deficiencies of the complaint cannot be cured by amendment. DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

**ANALYSIS**

**1. Violation of the California Business and Professions Code and California Civil Code**

According to Plaintiff, Defendant violated various sections of California Business and Professions Code § 10240 and California Civil Code §§ 1102, et seq., and 2079. However, these sections apply either to actions taken by a real estate broker or to the transfer of real property. Since Defendant is not such a broker and Plaintiff does not allege that any property was transferred, none of these sections apply. Accordingly, Defendant's Motion to Dismiss Plaintiff's First and Second Causes of Action is granted with leave to amend.

///
///
///
///

**2. Violation of the California Financial Code**

Plaintiff next contends that Defendant violated California Financial Code § 4973, which enumerates prohibited acts pertaining to "covered loans." A covered loan is "a consumer loan in which the original principal balance of the loan does not exceed the most current conforming loan limit for a single-family first mortgage established by the Federal National Mortgage Association in the case of a mortgage or deed of trust, and where one of the following conditions: (1) For a mortgage or deed of trust, the annual percentage rate at consummation of the transaction will exceed by more than 8 percentage points the yield on Treasury securities having comparable periods of maturity on the 15th day of the month immediately preceding the month in which the application for the extension of credit is received by the creditor; [or] (2) The total points and fees payable by the consumer at or before closing for a mortgage or deed of trust will exceed 6 percent of the total loan amounts." Cal. Fin. Code § 4970.

Plaintiff alleges no facts indicating that the subject loan qualifies as "covered" under section 4970. Accordingly, Plaintiff has failed to state a claim under the California Financial Code and Defendant's Motion to Dismiss is granted with leave to amend.

///
///
///
///

### 3. Breach of Fiduciary Duty

Plaintiff further alleges that California Financial Code § 4979.5 created a fiduciary relationship between Plaintiff and Defendant, and that Defendant, via the above alleged actions, breached its fiduciary duty. Section 4979.5 provides that "[a] person who provides brokerage services to a borrower in a covered transaction by soliciting lenders or otherwise negotiating a consumer loan secured by real property, is the fiduciary of the consumer, and any violation of the person's fiduciary duties shall be a violation of this section." Plaintiff's fourth cause of action fails because, *inter alia*, she does not allege Defendant provided brokerage services. Thus, Defendant's Motion to Dismiss Plaintiff's Fourth Cause of Action is granted with leave to amend.

### 4. Violation of the Truth in Lending Act

Through her Fifth Cause of Action, Plaintiff alleges Defendant violated TILA. A one-year statute of limitations is applicable to Plaintiff's TILA damages claims. 15 U.S.C. § 1640. Since no allegations indicate otherwise, the limitations period accrued at the time Plaintiff signed the loan documents, in this case November 2006. Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003). Accordingly, Plaintiff's claims for damages under TILA are now time-barred.

///
///
///

Additionally, Plaintiff's claims for rescission are likewise barred pursuant to 15 U.S.C. § 1635(f). Section 1635(f) states, "An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon sale of the property, whichever occurs first." In this case, the mortgaged property has already been foreclosed upon. Therefore, Plaintiff is prohibited from pursuing rescission. See Hallas v. Ameriquest Mortg. Co., 406 F. Supp. 2d 1176, 1183 (D. Or. 2005). Accordingly, Defendant's Motion to Dismiss Plaintiff's Fifth Cause of Action is granted with leave to amend.

**5.  Violation of the Real Estate Settlement Procedures Act**

Plaintiff alleges Defendant violated RESPA by failing to provide a good faith estimate of settlement service charges or of anticipated closing costs. Plaintiff does not specifically articulate under which RESPA sections her claims arise. However, this Court interprets Plaintiff's Complaint to assert causes of pertaining to Defendant's alleged failure to provide required disclosures, which properly originate under 12 U.S.C. § 2603. Nevertheless, because Congress did not create a private right of action under that section, Plaintiff is unable to state a claim. See Bloom v. Martin, 865 F. Supp. 1377, 1385 (N.D. Cal. 1994). Accordingly, Defendant's Motion to Dismiss Plaintiff's Sixth Cause of Action is granted with leave to amend.

///
///
///

### 6. Fraud and Conspiracy

Plaintiff alleges that "Defendants fraudulently induced Plaintiff into a stated income loan knowing that Plaintiff did not qualify for said loan." Complaint, 11:26-27. Federal Rule of Civil Procedure 9(b) provides that "a party must state with particularity the circumstances constituting fraud." "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Neubronner v. Milken, 6 F.3d 666, 671-672 (9th Cir. 1993) (internal quotations and citations omitted). "The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." Id. at 672. Plaintiff's single conclusory allegation is insufficient to state a claim for fraud under Rule 9(b). Accordingly, Defendant's Motion to Dismiss Plaintiff's fraud claim is granted with leave to amend.

Additionally, though Plaintiff asserts Defendant conspired to deprive Plaintiff of various rights. However, Defendant is the only alleged wrong-doer in this action, and Defendant cannot legally conspire with itself. See Wyatt v. Union Mortgage Co., 24 Cal. 3d 773, 784 (1979) ("As long as two or more persons agree to perform a wrongful act, the law places civil liability for the resulting damage on all of them, regardless of whether they actually commit the tort themselves."). Defendant's Motion to Dismiss Plaintiff's conspiracy cause of action is also granted with leave to amend.

///

**CONCLUSION**

Defendant's Motion to Dismiss each of Plaintiff's causes of action is granted with leave to amend. Plaintiff may (but is not required to) file an amended complaint, not later than twenty (20) days after the date this Memorandum and Order is filed electronically. If no amended complaint is filed within said twenty (20) day period, this case will be dismissed without leave to amend.

IT IS SO ORDERED.

Dated: March 10, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE